COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-087-CR
  
  
SAMMY 
LEE ELLINGTON                                                        APPELLANT
A/K/A 
SAMMY L. ELLINGTON
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Sammy Lee Ellington a/k/a Sammy L. Ellington appeals from his conviction for 
possession of a firearm by a felon.  A jury found him guilty and assessed 
his punishment at nine years’ imprisonment and a $10,000 fine.  The trial 
court sentenced him accordingly.  In one issue, Appellant contends that the 
trial court erred by overruling his objection to unresponsive testimony of 
Officer Ryan Olson.
Factual and 
Procedural Background
        While 
he was on duty on May 26, 2003, Officer Olson received a dispatch call regarding 
an incident at the Jack in the Box restaurant located at the intersection of 
Division and Cooper Streets in Arlington, Texas.  An employee working the 
drive-though window of the restaurant heard arguing coming from a car placing an 
order, which carried three males and one female.  He also noticed a 
partially concealed gun lying between the front seats of the car.
        When 
Officer Olson responded to the dispatch, he told the passengers to put their 
hands in the air.  According to Officer Olson, Appellant did not put his 
hands in the air, and he saw Appellant shift his body downward towards the 
floorboard of the car.  After Appellant and all of the passengers had 
exited the car, Officer Olson and other officers responding to the call found a 
loaded gun near the front of the driver’s seat.
Sole Issue
        In 
one issue, Appellant asserts that the trial court improperly admitted an 
unresponsive answer made by Officer Olson during his direct examination by the 
State.  Appellant further contends that the admission of the answer was 
harmful because it deprived Appellant of his right to be tried only on the 
charge presented against him.
        The 
standard of review for a trial court’s ruling under the rules of evidence is 
abuse of discretion.  Sauceda v. State, 129 S.W.3d 116, 120 (Tex. 
Crim. App. 2004).  The test for abuse of discretion is not whether, in the 
opinion of the reviewing court, the facts present an appropriate case for the 
trial court’s action; rather, it is a question of whether the trial court 
acted without reference to any guiding rules or principles, and the mere fact 
that the trial court may decide a matter within its discretionary authority 
differently than an appellate court does not warrant reversal of a trial 
court’s ruling on admission or exclusion of evidence as long as the ruling is 
within the zone of reasonable disagreement.  See Robbins v. State, 
88 S.W.3d 256, 259-60 (Tex. Crim. App. 2002).
        The 
testimony at issue occurred as follows:
 
Q. Tell the jury what is going on inside the car.
 
A. 
The back two passengers are listening to my commands keeping their hands in the 
air where I could see them, and the black male driver was not.
 
Q. 
What was he doing?
 
A. 
He had -- if I can demonstrate?
 
[STATE]: 
Permission to demonstrate?
 
THE 
COURT: He may.
 
Q. 
Do you want to do something with the chair?
 
A. 
With my hands basically just to show.
 
Q. 
Was the person standing up or sitting --
 
A. 
Sitting in the vehicle.
 
Q. 
Show the jury.
 
A. 
If I were the driver of the vehicle, the subject that was possibly armed, all 
other occupants were keeping their arms as I stated.  The black female was 
already out of the vehicle.  The driver, when I told him to put his hands 
up disobeyed my command, and he mouthed some belligerent statements --
 
[DEFENSE 
COUNSEL]: Objection, nonresponsive.
 
                THE 
COURT:      Overruled.
   
According 
to the State, the prosecutor asked Officer Olson to describe what Appellant was 
doing in the car, and when taken in context, Olson’s general response is a 
fair description of what Appellant was doing in the car.  We agree.  
The appellate court’s role is limited to determining whether the record 
supports the trial court’s ruling.  Coffin v. State, 885 S.W.2d 
140, 149 (Tex. Crim. App. 1994).  We hold that the trial court’s ruling 
was not so clearly wrong as to lie outside the zone within which reasonable 
persons might disagree.  See Cantu v. State, 842 S.W.2d 667, 682 
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993).  
Appellant’s sole issue is overruled.
Conclusion
        Having 
overruled Appellant’s sole issue, we affirm the trial court’s judgment.
    
   
                                                                  PER 
CURIAM
  
  
PANEL 
A:   HOLMAN, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 9, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.